IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES HINSHAW,

    Petitioner,

v.                                      No. 24-cv-1304-MLG-JHR

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Charles Hinshaw's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Hinshaw challenges his 2023 state convictions based on, inter alia, ineffective assistance by counsel. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Hinshaw to show cause why the Petition should not be summarily dismissed for failure to exhaust state remedies.

## BACKGROUND

The following background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. D-1116-CR-2022-1134. The state criminal docket is subject to judicial notice. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 2023, Hinshaw pled no contest to aggravated assault with a deadly weapon; aggravated assault upon a peace officer; and armed robbery. *See* Doc. 1 at 1. The state court sentenced him to a total term of 15 years imprisonment. *See* Judgment in Case No. D-1116-CR-2022-1134. Judgment was entered on July 11, 2023. *Id*. Hinshaw did not file any state appeal. *See* Doc. 1 at 2. Hinshaw filed the instant § 2254 Petition on December 27, 2024. He seeks to vacate the state

convictions based on ineffective assistance by counsel and due process violations. Hinshaw did not prepay the $5.00 habeas filing fee or file a motion to proceed *in forma pauperis*. The Court will address that deficiency below and screen the Petition under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3). Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court (NMSC). "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

The Petition clearly reflects that Hinshaw did not present his federal claims to the NMSC. The Petition states Hinshaw did not appeal the criminal Judgment, seek review by the highest state court, or file any state habeas petitions. *See* Doc. 1 at 2-3. Under each ground for relief, he also checked "no" in response to the questions regarding exhaustion. *Id.* at 5-6. The Secured Odyssey

Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Hinshaw has not filed any appeal with the NMSC.

For these reasons, the Court will require Hinshaw to show cause in writing why his § 2254 Petition should not be summarily dismissed for failing to exhaust state remedies. If Hinshaw seeks to stay the proceeding, he must show "good cause for his failure to exhaust, [that] his unexhausted claims are potentially meritorious, and" the absence of "intentionally dilatory litigation tactics." *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (holding the factors set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) – which applies to mixed petitions – may also be relevant where there is a total failure to exhaust). The show-cause response is due within thirty (30) days of entry of this ruling. By the same deadline, Hinshaw must pay the $5.00 filing fee or file an *in forma pauperis* motion that attaches a copy of his inmate account statement.

If Hinshaw concedes the failure to exhaust, he does not need to respond to this ruling, and he can instead pursue relief through a state habeas petition. The failure to comply with each directive may result in dismissal without further notice.

**IT IS ORDERED** that within thirty (30) of entry of this ruling, Hinshaw must: (1) file a response showing cause, if any, why his § 2254 Petition should not be dismissed for failure to exhaust state remedies; and (2) pay the $5.00 filing fee or, alternatively, file a motion to proceed *in forma pauperis* along with a copy of his inmate account statement.

_____
UNITED STATES MAGISTRATE JUDGE